UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA EVANS, | CASE NO.    C07-5386JKA |
| Plaintiff, | |
| v. | ORDER REMANDING ADMINISTRATIVE DECISION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for social security benefits. This matter has been fully briefed.

In response to Plaintiff's opening brief Defendant concedes the ALJ did not adequately evaluate the severity of Plaintiff's alleged impairments, the opinion of examining psychiatrist Paul Michels, M.D., Plaintiff's subjective complaints, her RFC, the lay witness statement of her mother, Kathryn Keathley, and her ability to perform other work. However, Defendant maintains that the court should remand the matter for further proceedings, and in contrast, Plaintiff contends the court should conclude entitled to an award of benefits, or alternatively, the matter should be remanded to a different ALJ.

After reviewing the record, the court finds and orders the following:

1. The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989) (*citing* Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir., 1988) (Varney II)). In Varney II, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. Varney II, 859 F.2d at 1401. *See also* Reddick v. Chater, 157 F.3d 715, 728-730 (9th Cir. 1998)(case not

ORDER
Page - 1

1 remanded for further proceedings because it was clear from the record claimant was entitled to benefits);
2 <u>Swenson</u>, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by
3 further proceedings). In order to determine the utility of remanding the matter for further proceedings the
4 court must review the legal standards and the evidence supporting the parties' positions.

5       2. According to the administration's regulations, if the claimant has an impairment(s) which has
6 lasted or can be expected to last for not less than 12 months, and is included in Appendix 1 of the Listings
7 of Impairments, or is equal to a listed impairment(s), the claimant will be considered disabled without
8 considering age, education and work experience.  20 C.F.R. § 404.1520(d). The court agrees with
9 defendant's position that remand for further proceedings is warranted.  The issue of whether or not
10 Plaintiff is entitled to benefits is based on a review of the medical evidence and the testimony.  Remand to
11 allow the administration the opportunity to further consider the record, to cure the conceded errors is
12 necessary.

13       3. On remand, the matter should be <u>assigned to a different ALJ</u> and the ALJ should reconsider
14 each of the five steps in the disability evaluation process, including, but not limited to the following
15 issues: (i) the severity of Ms. Evans' urinary/bowel problems, DVT, back pain and headaches; (ii) an
16 evaluation of Dr. Michels' opinion; (iii) evaluation of Plaintiff's testimony and subjective complaints; (iv)
17 evaluation of Plaintiff's residual functional capacity; (v) evaluation of  the lay witness evidence of
18 Kathryn Keathley; (vi) supplemental vocational expert testimony; and (vii) consideration of  whether
19 reopening of Plaintiff's September 28, 2004, application is appropriate.

20       4. Accordingly, the Court REMANDS the Social Security Administration's final decision for
21 further proceedings.

22       DATED this 10th  day of March, 2008.

23

24                               */s/ J. Kelley Arnold*
                              J. Kelley Arnold
25                               U.S. Magistrate Judge

26

27

28